

**FILED**
**FEBRUARY 12, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GABRIEL M. SMITH, PRO SE, § | | |
| also known as § | | |
| GABRIEL MARQUETTE SMITH, § | | |
| TDCJ-CID No. 1052786, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0103 | |
| § | | |
| TEXAS TECH UNIVERSITY, S. REILLY, § | | |
| TIMOTHY REVELL, JULITO UY, § | | |
| JOHN DORMAN, DR. NFN FOUST, § | | |
| J. TREVINO, JOE GRIMES,and § | | |
| GUY SMITH, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

Plaintiff GABRIEL M. SMITH, also known as GABRIEL MARQUETTE SMITH, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges all the defendants have displayed deliberate indifference to his serious medical needs, acting in bad faith and delaying treatment for his broken wrist. Plaintiff states his first surgery was delayed for two years and resulted in further injury to his wrist, necessitating a second surgery and leaving plaintiff with a handicap.

Plaintiff requests compensatory and punitive damages in an unspecified amount, unspecified permanent injunctive relief, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Eleventh Amendment Immunity**

Plaintiff states he is suing defendant "TEXAS TECH UNIVERSITY, Human Health Center" in its official capacity as a governmental unit which is responsible for the acts and omissions of its employees, the appointment of competent medical staff, and the scheduling of

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

inmate medical care. With respect to this defendant, it appears plaintiff is attempting to name the Texas Tech University Health Sciences Center.

The Court notes plaintiff's claims against this defendant are barred by the Eleventh Amendment. The TEXAS TECH UNIVERSITY and the TECH UNIVERSITY HEALTH SCIENCES CENTER[3] are agencies of the State of Texas, and plaintiff's claims against this defendant are, in effect, raised against the State of Texas. The Eleventh Amendment embodies "the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in Art. III." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97-98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). The doctrine of sovereign immunity bars suit against a state agency because, in such a case, the State itself is the real party in interest. Consequently, such a lawsuit is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Court notes that plaintiff may be seeking injunctive relief; however, to avail himself of the *Young* doctrine[4], which carves an exception to operation of Eleventh Amendment immunity where prospective injunctive relief is sought, a plaintiff must be seeking declaratory and injunctive relief against state officers in their individual capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *accord, Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582 (Tex.App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (when seeking injunctive relief that involves the activity of a state agency, the plaintiff

---

[3] *United States v. Texas Tech University*, 171 F.3d 279, 289 n.14 (5th Cir. 1999)("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.").

[4] *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

must sue some individual in authority at the agency, not the agency itself).  Plaintiff has not sued any state officer in an individual capacity who is a policy maker at the defendant state agency.  Plaintiff's claims against defendant "TEXAS TECH UNIVERSITY, Human Health Center," are barred by the Eleventh Amendment.  Plaintiff has failed to state a claim on which relief can be granted.

**Statute of Limitations**

Plaintiff alleges he complained of hand pain in March of 2004 and was examined by defendant REILLY, P.A., who ordered x-rays.  Plaintiff says the x-rays revealed a fracture to his wrist, but defendant REILLY failed to provide any treatment.  Plaintiff further alleges he submitted a sick call request in December of 2004 complaining of hand pain and was seen by defendant Dr. UY, who ordered a new x-ray, gave plaintiff a splint, and referred him to a hand specialist for examination.  Plaintiff complains that from January, 2005 to July, 2005, defendants Dr. UY and Dr. REVELL only provided plaintiff generic pain medication, refusing stronger medications.

In July of 2005, plaintiff was examined at the Montford Unit by an Orthopedic specialist who opined surgery was necessary.  Plaintiff also received a Ct-scan in Amarillo which revealed his condition was worsening because of the delay.

Plaintiff alleges that, between August and December of 2005, he was "transferred to the Montford Unit for surgery and was re-schedule [sic] each time" because his medical files had not been transferred with him and, the last time, because the specialist did not have the proper tools.  Plaintiff contends it is defendant REVELL's responsibility, as "head doctor" on the Clements Unit, to prepare his medical records to be transferred with him.

Plaintiff says he had lost muscle mass and arm strength and the bone was deteriorating; he was in extreme pain; and defendants Dr. UY and Dr. REVELL failed to provide adequate pain medication.

In April of 2006, plaintiff received surgery by defendant Dr. FOUST, a Texas Tech specialist. Plaintiff says defendant Dr. FOUST removed some bones from his wrist and performed a carpal fusion.

There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Plaintiff filed the instant lawsuit on May 7, 2008. Therefore, all of the above-listed acts or omissions occurred more than two years before suit was filed and are barred by operation of limitations. Plaintiff's claims based on defendants' acts or omissions more than two years before filing of suit lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

Further, to the extent the statute of limitations was tolled by the Texas discovery rule as to the surgery performed by Dr. FOUST and the December 2006 x-ray revealing more injury to plaintiff's wrist, plaintiff's allegations will support, at most, a claim of negligence; however, negligent medical care will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Consequently, even if limitations is tolled with respect to plaintiff's claim against defendant Dr. FOUST, plaintiff's medical care claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Deliberate Indifference**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's remaining allegations are that, after a follow-up appointment with a Montford specialist who recommended physical therapy, plaintiff saw defendant J. TREVINO, the physical therapist. Plaintiff alleges TREVINO gave him exercises to stretch the tendons in plaintiff's arm but "never actually gave the plaintiff therapy for his wrist to regain muscle mass

and arm strength." Plaintiff says he experienced pain in his wrist and his hand was "locking up" in July of 2006. He saw Marsha Moore, P.A., who put his hand in a splint and referred him to Montford for therapy, but defendant TREVINO denied the request without even evaluating plaintiff.

Plaintiff alleges that, from June 17, 2006 to January 21, 2007, he submitted numerous sick calls about wrist pain, but defendant Dr. DORMAN "did nothing about the plaintiff's problems nor would he give the plaintiff adequate pain medication . . .." Further, he complains, defendant DORMAN would not give him work restrictions to keep plaintiff from being assigned to field work.

Plaintiff complains a November 20, 2006 complaint on a sick call request which he feels should have been answered by defendant Dr. REVELL was handled by an unidentified nurse who responded plaintiff would have to wait his turn. Plaintiff also submitted a November 20, 2006 grievance which was denied by defendant GRIMES.

Plaintiff complains a December 12, 2006 x-ray ordered by defendant REVELL revealed he needed a second surgery to repair an injury from the first surgery. In January of 2007, plaintiff was seen by defendant Dr. REVELL for an appointment by Telemed with an orthopedic specialist. Plaintiff was scheduled for a second surgery. Plaintiff complains at that time REVELL told him to quit complaining about his wrist, that he wasn't going to give plaintiff any more work restrictions or stronger pain medication, and that plaintiff wasn't entitled to the best possible treatment.

Plaintiff claims a January 6, 2007 Step 2 grievance about treatment delays was denied by defendant GUY SMITH.

On August 1, 2007, plaintiff was admitted to Montford for surgery by specialists who performed a complete fusion of the wrist with a metal plate and screws. Plaintiff says this left him with a life-long handicap.

Plaintiff's dissatisfaction with the medical treatment provided by defendant TREVINO is not sufficient to state a claim of deliberate indifference. Plaintiff received physical therapy from defendant TREVINO in June 2006. He has not alleged he was harmed by TREVINO's failure, the next month, to give him even more physical therapy; instead, plaintiff claims he was injured during the earlier surgery.

As to defendant DORMAN, plaintiff clearly feels he should have been more aggressive in his treatment, and faults him for not giving plaintiff more effective pain medication. Nevertheless, in light of plaintiff's lengthy history of wrist pain, his diminished muscle mass, and his recent surgery, plaintiff does not show how his complaints of pain alerted defendant DORMAN to any fact showing plaintiff was in substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. at 1981, nor does plaintiff show defendant DORMAN was deliberately indifferent to such facts. Again, at best, plaintiff might be able to claim negligence, if ever that; but negligence will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

As to defendant REVELL, plaintiff's January 2007 appointment with defendant Dr. REVELL and with a specialist by Telemed shows defendant REVELL recommended the Telemed consult with a specialist and the later surgery shows defendant Dr. REVELL implemented the specialist's recommendation that plaintiff receive a second surgery. Although plaintiff complains of various remarks made by defendant REVELL at the time, plaintiff points

to no act or omission constituting deliberate indifference to his serious medical needs.  Plaintiff has failed to allege facts stating a claim of deliberate indifference by defendant Dr. REVELL.

Plaintiff claims defendants GRIMES and SMITH denied his Step 1 and Step 2 grievances, respectively, concerning his medical care.  To the extent plaintiff is claiming GRIMES and SMITH failed to adequately investigate or satisfactorily resolve plaintiff's grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Plaintiff's claim on this basis against defendants GRIMES and SMITH lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff may be trying to claim that his grievances placed defendants GRIMES and SMITH on notice that he was in substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. at 1981, and that by denying his grievances they were acting with deliberate indifference; however, defendants GRIMES and SMITH are entitled to rely on the judgment of medical professionals, and plaintiff's own opinion of his condition is not sufficient to place them

on notice of medical facts. Plaintiff has failed to state a claim of deliberate indifference against defendants GRIMES and SMITH.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GABRIEL M. SMITH be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing

objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).